United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH A. BRADIX, | No. C 12-2096 SI |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND** |
| v. | |
| SETON MEDICAL CENTER, ET AL., | |
| Defendants. / | |

On April 26, 2012, *pro se* plaintiff Elizabeth A. Bradix filed a complaint[1] alleging six causes of action against her employer Seton Medical Center ("Seton Medical"), its parent Daughters of Charity Health Systems, and two individual supervisors at Seton Medical, Nancy Mattis and Rosanne Slusar for: (1) retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq; (2) racial discrimination in violation of Title VII; (3) breach of contract and/or promissory estoppel; (4) negligence; (5) intentional infliction of emotional distress; and (6) intentional interference with a contractual relationship. On August 9, 2012, defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Ms. Bradix has filed an opposition and defendants have filed a reply. Pursuant to Civil Local Rule7-1(b), the Court found this matter suitable for disposition without oral argument. Having considered the parties' papers, and for good cause shown, the Court hereby GRANTS defendants' motion to dismiss WITH LEAVE TO AMEND.

---

[1] The cover of plaintiff's complaint lists six causes of actions that are different from the six causes of action discussed in the complaint. Therefore, the Court addresses only those six discussed in the complaint.

**BACKGROUND**

Seton Medical employed Ms. Bradix, an African American woman, as Activities Director/Coordinator from October 1989 though April 6, 2009. Compl. ¶ 15, 26. For most of her tenure, Ms. Bradix received "excellent job evaluations" including several "Eye Witness Awards" and recognition at various employee recognition dinners. *Id*. at ¶ 15. Ms. Bradix had three supervisors prior to May 2007, each of whom gave her "excellent performance evaluations." *Id*. at ¶ 16. Ms. Bradix received no disciplinary action during her 19 years of employment prior to 2007. *Id*. at 17.

In or around May 2007, Seton Medical hired defendant Nancy Mattis as Ms. Bradix's supervisor. *Id*. at ¶ 16. Ms. Bradix alleges that Mattis and defendant Rosanne Slusar, both white women (*Id*. at ¶ 50, 52), "began and continued a campaign of discrimination and harassment" that culminated in Ms. Bradix's termination on April 6, 2009. *Id*. at ¶ 17, 26. Their "campaign" included verbal and written statements, and at times physical confrontations. *Id*. at ¶ 17-26. In particular, Ms. Bradix alleges that defendants Slusar and Mattis prohibited her from participating in work committees, denied her job training opportunities, reduced her employment hours without regard to seniority, and made false statements about her to the human resources department. *Id*. at ¶ 17-18. On a "daily basis" defendant Mattis derogatorily referred to Ms. Bradix as "you people" and used other racially derogatory language. *Id*. From July 2007 to March 2009, defendants Mattis and Slusar "wrongly disciplined Ms. Bradix by fabricating false statements against her." *Id*. at ¶ 19. In November 2007, Ms. Bradix injured her back at work and "went on disability for a period of time," which she alleges, "escalate[d] the harassment and discrimination." *Id*. at ¶ 22. Twice the hostility toward Ms. Bradix became physical. *Id*. at ¶ 20, 25. On May 8, 2008, defendant Mattis "assaulted Ms. Bradix by pushing a chair into her knee," in the presence of defendant Slusar, who did nothing. *Id*. at ¶ 20. Additionally, defendant Mattis grabbed and pushed Ms. Bradix into defendant Slusar's office that day. *Id*. at ¶ 34. On or about March 26, 2009, defendant Slusar "berated Ms. Bradix and physically assaulted her during work[]...by poking her in her chest several times." *Id*. at ¶ 25. Ms. Bradix notified Seton Medical security (*id*. at ¶ 38) and filed a report with the Daly City Police Department, after which Ms. Bradix was placed on administrative leave, although Seton Medical allowed defendant Slusar to continue to work. *Id*. at ¶ 25.

Ms. Bradix reported Mattis and Slusar's behavior to the human resources department on at least

six occasions. Compl. ¶ 38. Initially, Ms. Bradix's complaints were handled by Minyon Robinson, an African American woman. *Id*. at ¶ 20-21. However, Ms. Robinson told Ms. Bradix that she was "removed from the 'case' and that Ms. Bradix would have to speak with...Human Resources Vice President Linde Cheeme, who is white" going forward. *Id*. at ¶ 21. On September 18, 2008, defendant Slusar took over the supervision of Ms. Bradix, whereupon defendant Slusar sent an email to Ms. Bradix, copied to Linde Cheeme, stating, "Elizabeth, I am taking over for Nancy Mattis. Remember what Nancy said, 'We will get you out of Seton. Human Resources will not help you.'" *Id*. at ¶ 24. Human resources "took no action to address Ms. Bradix' concerns." *Id*. at ¶ 23-24.

Ms. Bradix was terminated on April 6, 2009 and jointly filed a complaint with the Equal Employment Opportunity ("EEOC") and the State of California Civil Rights Division ("CCRD") on March 17, 2010. *Id*. at ¶ 26-29. Ms. Bradix requested a Notice of Right to sue from CCRD on March 23, 2010, and from the EEOC on January 27, 2012. *Id*. at ¶ 32. Ms. Bradix filed the instant action on April 26, 2012. On August 9, 2012, defendants moved to dismiss under 12(b)(6) based on Ms. Bradix alleged failure to exhaust administrative remedies and to satisfy the applicable statute of limitations.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions

3

1 of fact, or unreasonable inferences." *In re Gilead Sciences Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

Assuming the allegations are true and drawing all reasonable inferences in plaintiff's favor, Ms. Bradix's complaint raises serious issues. However, the Court finds that as currently pled, each claim is barred by the applicable statute of limitations, or barred because of a failure to exhaust administrative remedies. Ms. Bradix's opposition to defendants' motion to dismiss (Dkt. 28) contains additional facts that suggest that her two Title VII claims may have been properly exhausted and timely, but the Court cannot consider these facts because they were not properly pled in the complaint. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (as a general rule, the Court "may not consider any material beyond the pleadings in ruling on a 12(b)(6) motion."). Her opposition contains no additional new information to suggest that the remaining four state law claims are timely. Although the Court now dismisses Ms. Bradix's complaint, it does so with leave to amend, whereupon Ms. Bradix and/or her attorney–should she choose to retain one–may amend her complaint to properly include facts showing that she exhausted her administrative remedies and filed a timely complaint, and other relevant facts and/or claims.

**1.    Retaliation and racial discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq.**

To state a retaliation or discrimination claim under Title VII, a plaintiff must file a Charge of Discrimination with the EEOC no more than 180 days after the alleged violation (or 300 days for complaints filed with California's Department of Fair Employment and Housing ("DFEH")). *See* 42 U.S.C. § 2000e-16(c). The timely exhaustion of this administrative remedy is a statutory prerequisite

4

to filing a VII claim. *See Sommatino v. United States*, 255 F.3d 704, 707-08 (9th Cir. 2001). Additionally, a plaintiff has 90 days after receipt of the EEOC's right to sue letter to file a complaint in federal court. *See* 42 U.S.C. § 2000e-5(f)(1).

Seton Medical terminated Ms. Bradix on April 6, 2009. Ms. Bradix filed a complaint with the EEOC and the CCRD 355 days later, on March 17, 2010. Plaintiff requested her right to sue letter from the EEOC on January 27, 2012, though there is no evidence as to whether she actually received it. Ms. Bradix filed this action on April 26, 2012. Thus, on the basis of the timing outlined in her complaint, her first two Title VII causes of actions fail first because she failed to exhaust her administrative remedies, and second, because there is no evidence that they were timely; i.e., within 180 days of the alleged violation and 90 days after receipt of the EEOC's right to sue letter. However, the Court dismisses these claims with leave to amend the complaint.

In particular, any amended complaint should state, as clearly as possible, the facts giving rise to the complaint, including the dates upon which the events occurred. According to her opposition to defendants' motion to dismiss, Ms. Bradix actually filed a complaint with the EEOC and CCRD nearly one year earlier than she pled in her complaint, on March 26, 2009, well within the 180 days required. Dkt. 28 at 2-5. Ms. Bradix's opposition includes evidence that the initial complaint was mishandled by the EEOC and she asserts that the EEOC directed her to refile the complaint, on March 17, 2010. *Id.* Additionally, Ms. Bradix asserts that she received the requisite right to sue letter. *Id.* at 3. If properly pled in an amended complaint, Ms. Bradix's Title VII claims would likely survive a similar motion to dismiss because it would appear that her initial EEOC complaint and subsequent lawsuit in this Court were timely, and she properly exhausted her administrative options.

Because her Title VII claims are untimely or barred for failure to exhaust, accordingly, the Court need not address defendants' argument that Title VII claims are not permitted against individual defendants.

**2. California State Law Claims.**

Each of Ms. Bradix's four state law claims is barred by the applicable statute of limitations or fails to plead sufficient facts. Unlike her two Title VII claims, Ms. Bradix's opposition to defendants'

motion to dismiss contains no new allegations suggesting that these claims are not time-barred. Therefore, amendment of these claims is likely futile, unless plaintiff can allege additional facts showing that these claims were properly filed within the appropriate limitations period.

### a. Breach of Contract.

Under California law, a breach of an implied or oral agreement must be filed within two years. Cal. C. Civ. P. § 339(1). Ms. Bradix's complaint alleges that Seton Medical "represented, promised and or/implied both orally and in writing that an employee would only be discharged for cause, and after a reasonable investigation and opportunity to be heard." Compl. ¶ 62. Her complaint, however, does not specify the contract at issue. Assuming her claim is based on an implied or oral agreement, her claim is barred by the two-year statute of limitations. Assuming it is based on a written contract, plaintiff has not attached it to the complaint, cited to it, or incorporated it by reference therein. Therefore, the claim is dismissed because Ms. Bradix fails to allege sufficient facts about the written contract.

### b. Negligence.

Under California law, a cause of action for negligence must be brought within two years. Cal. C. Civ. P. § 335.1. Ms. Bradix's claim is time-barred because it was brought more than three years after her termination on April 6, 2009. Because the claim is barred by the statute of limitations, the Court need not address defendants' concern that such a claim is preempted by California's worker compensation laws.

### c. Intentional infliction of emotional distress.

Under California law, a cause of action for intentional infliction of emotional distress must be brought within two years. *See* Cal. C. Civ. P. § 335.1; *Unruh-Haxton v. Regents of Univ. of California*, 162 Cal. App. 4th 343, 357 (2008). Ms. Bradix's claim is time-barred because it was brought more than three years after her termination on April 6, 2009. Therefore, defendants' argument that Ms. Bradix fails to allege extreme or outrageous conduct will not be addressed.

### d. Intentional interference with a contractual relationship.

Under California law, a cause of action for intentional interference with a contractual relationship must be brought within two years. Cal. C. Civ. P. § 339. Ms. Bradix's claim is time-barred because it was brought more than three years after her termination on April 6, 2009. Because the claim is barred by the statute of limitations, the Court does not address defendants' concern that the relevant conduct is protected by the managerial privilege.

## CONCLUSION

In light of the foregoing, defendants' motion to dismiss for failure to state a claim is GRANTED. However, because Ms. Bradix's Title VII claims may be revived if they are properly pled, the Court GRANTS plaintiff LEAVE TO AMEND her complaint **no later than 30 days from the date of this Order**. At a minimum, Mr. Bradix's amended complaint shall (1) state the basis for federal jurisdiction; (2) specifically identify the claims that plaintiff is asserting (for example, if plaintiff is suing under a federal or state statute, the complaint shall identify that statute); (3) state, as clearly as possible, the facts giving rise to the complaint, including the dates upon which the events occurred; and (4) state the relief that plaintiff seeks.

**IT IS SO ORDERED.**

Dated: October 16, 2012

SUSAN ILLSTON
United States District Judge