IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH A. BRADIX,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>SETON MEDICAL CENTER, et al.,<br><br>　　　　Defendants.<br>_____ / | No. C 12-2096 SI<br><br>**ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION TO DISMISS WITHOUT LEAVE TO AMEND; DENYING DEFENDANTS' MOTION TO STRIKE** |

On February 1, 2013, the Court heard argument on defendants' motion to dismiss the breach of contract claim in plaintiff's first amended complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6). Having considered the parties' pleadings, papers and arguments, the Court DENIES IN PART and GRANTS IN PART defendants' motion to dismiss for the reasons set forth below.[1]

**BACKGROUND**

Defendant Seton Medical Center, a hospital in the defendant Daughters of Charity Health System (collectively "defendants" or "Seton Medical"), hired plaintiff Elizabeth Bradix ("Ms. Bradix"), an African American woman, as Activities Coordinator in the fall of 1989. FAC ¶¶ 3, 4, 12. For most of her tenure, Ms. Bradix received "excellent job evaluations." *Id*. ¶ 14. In May of 2007, Seton Medical hired Nancy Mattis as Ms. Bradix's supervisor. *Id*. ¶ 16. Ms. Bradix alleges that Mattis and a subsequent supervisor, Rosanne Slusar, both white women, conducted "a campaign of discrimination

---

[1] Defendants have also moved pursuant to Fed. R. Civ. P. 12(f) to strike plaintiff's prayer for attorneys' fees because she was proceeding *pro se* at the time she filed her FAC. During the pendency of the motion, plaitniff retained counsel. Thus, the Court DENIES as MOOT defendants' motion to strike.

and harassment" against Bradix that culminated in her termination on April 6, 2009. *Id*. ¶¶ 17, 20–21. Specifically, Ms. Bradix alleges that Slusar and Mattis referred to her in a racially discriminatory manner, prohibited her from participating in work committees, denied her job training opportunities, reduced her employment hours without regard to seniority, and made false statements about her to the human resources department. *Id*. ¶¶ 17, 21. In addition, Ms. Bradix alleges that Mattis physically assaulted her on two occasions. *Id*. ¶¶ 24, 29. Seton Medical terminated Ms. Bradix on April 6, 2009. *Id.* ¶ 32. This lawsuit followed.

On April 26, 2012, Ms. Bradix filed this action against Seton Medical asserting six causes of action under federal and state law. On October 16, 2012, the Court dismissed Mr. Bradix's complaint with leave to amend because each claim was either time-barred or Ms. Bradix had not exhausted her administrative remedies. With respect to her breach of contract claim the Court noted that although Ms. Bradix's complaint did not specify whether the contract was oral or written, if the contract was oral, the breach claim was barred by the two-year statute of limitations. If the contract was written, the Court noted that Ms. Bradix failed to allege any facts specifying the terms of the contract and failed to attach any evidence of the existence of a written agreement. On November 14, 2012, Ms. Bradix filed her first amended complaint alleging: (1) racial discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*;(2) retaliation in violation of Title VII; (3) racial discrimination in violation of California Government Code § 12900, *et seq.*; (4) retaliation in violation of California Government Code § 12900, *et seq.*; and (5) breach of contract. On November 28, 2012, defendants filed the instant motion to dismiss for failure to state a claim regarding only the alleged breach of contract.

Ms. Bradix attached three documents to her FAC in order to evidence the existence of an employment contract: (1) a "welcome letter" dated September 22, 1989; (2) an "application for employment" dated September 19, 1989; and (3) "job summary" letter dated October 6, 1989. FAC, Ex. A. The welcome letter is on Seton Medical Center letterhead and includes plaintiff's name, title, department, hours expectation, salary, and start date. The welcome letter is signed by "Nurse Recruiter" Kathleen A. Green with a courtesy copy to Sue Lehrman, "Manager Patient Care." *Id*. The application for employment recites Ms. Bradix's background, skills, and qualifications. *Id.* The last page of the application includes seven statements under which Ms. Bradix signed to indicate that she read,

2

understood, and consented to them. *Id.* These statements concern Seton Medical's compliance with statutes prohibiting discrimination, overtime policy, physical exam requirement, the length of time the application would remain on file, and authorization for Seton Medical to contact prior employers and state agencies regarding the applicant. Notably, the application contains a non-discrimination statement:

> The Hospital is an equal opportunity employer and the Hospital's hiring decisions are based upon the abilities and qualifications of applicants. The Hospital's hiring and employment practices affirm its commitment to equal opportunity employment and complies with the Civil Rights Act and other applicable Federal and State statutes prohibiting discrimination based on race, sex, national origin, religion, age and handicap.

*Id.* The application also contains a provision that if employed, "any material false statements or omissions on the application shall be sufficient cause for dismissal." *Id.* The additional comments section of the application contains handwritten notes from Seton Medical personnel apparently praising applicant Bradix, "Wonderful 4 patients+ knows the Title 22 regulations @ the onset. Prepared to step in!! :)." There is no signature associated with these comments. The job summary letter contains a list of job duties and a checklist of events for new hires. *Id.* It notes that Ruth Barston is the "Department Contact Manager." *Id.*

Ms. Bradix asserts two theories of breach. First, she alleges that Seton Medical breached the non-discrimination provision contained in her application for employment by failing to take corrective action in response to her internal complaints, by terminating her because of her race, and by terminating her in retaliation for her complaints about discrimination. FAC ¶ 101. Second, Ms. Bradix alleges that Seton Medical breached the contract by "terminating plaintiffs' employment without just cause." *Id.*

Seton Medical argues that Ms. Bradix has failed to allege the formation of a valid contract. According to Seton Medical, the documents attached to Ms. Bradix's complaint do not reference or incorporate one another, nor is there any allegation of such. Additionally, to the extent the welcome letter is signed, Seton Medical disputes that the signatory was authorized to bind Seton Medical. Moreover, Seton Medical argues that the letter does not create an obligation that Seton Medical must perform and it does not contain the term that Mr. Bradix accuses Seton Medical of violating – the non-discrimination provision which is contained in the application for employment.

3

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Sciences Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

If the court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

**DISCUSSION**

**1. Existence of a Valid Contract**

"A contract of employment is governed by the same rules applicable to other types of contracts . . ." *Reynolds Elec. & Engineering Co. v. Workmen's Comp. Appeals Bd.*, 65 Cal. 2d 429, 433 (1966). There are four essential elements of a contract under the Civil Code: "(1) [p]arties capable of contracting; (2) [t]heir consent; (3) [a] lawful object; and (4) [a] sufficient cause or consideration." Cal. Civ. Code § 1550 (2012).

4

Drawing all reasonable inferences in the plaintiff's favor, the Court finds that Ms. Bradix has alleged the existence of a written contract. Under California law, courts review the contract for "substantial evidence" to determine whether the employee had authority to bind the employer. *Mannion v. Campbell Soup Co.*, 243 Cal. App. 2d 317, 319 (1966). Here, the welcome letter on Seton Medical letterhead and signature by the "nurse recruiter" – a managerial title – suggest that the recruiter was authorized to bind Seton Medical in hiring Ms. Bradix. In addition, the parties' subsequent performance indicates consent to an agreement that included many of the essential terms of employment such as title, department, salary, hours, and start date. Employment as an activities coordinator qualifies as a legal object, and Ms. Bradix's performance in this position would confer a benefit to Seton Medical sufficient to constitute consideration for the contract. *See, e.g.*, Cal. Civ. Code § 1605 ("Any benefit conferred, or agreed to be conferred, upon the promisor, by any other person, to which the promisor is not lawfully entitled, … as an inducement to the promisor, is a good consideration for a promise."). Thus, the Court finds that Ms. Bradix has alleged the existence of a contract to which Seton Medical was bound.

**2.     Allegations of Breach**

To state a claim for breach of contract under California law, a plaintiff must allege "(1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to the plaintiff as a result of the breach." *CDF Firefighters v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (2008).

With respect to Ms. Bradix's discrimination-related breach allegations, the crux of Seton Medical's opposition is that the contract term allegedly breached – the non-discrimination pledge– is not part of the operative contract – the welcome letter. Thus, there can be no breach, Seton Medical contends, where the obligation is not contained in the contract. Ms. Bradix asserts that Seton Medical breached its non-discrimination obligation by "failing to take corrective action concerning the harassment of and discrimination of plaintiff," and by terminating Ms. Bradix because of her and in retaliation for her internal discrimination complaints. FAC ¶ 101. Ms. Bradix's apparent view is that the September 22, 1989, welcome letter was the operative employment contract, but it was not fully integrated. It did not contain an integration clause and it did not contain all the terms of the parties'

agreement. Ms. Bradix argues that the welcome letter incorporates the application for employment and job summary letter by referencing Seton Medical's approval of her candidacy for the positions, where it states, "It is our pleasure to welcome you as a new employee to Seton Medical Center," and "the following information will confirm our discussions and provide you with some facts for future reference…" FAC, Ex. A. By referencing the prior "discussions" that led Seton Medical to "welcome" her as a new employee, the welcome letter allegedly incorporates the terms of application for employment – including the non-discrimination clause – into the employment contract.

Under California law, the parol evidence rule prohibits the introduction of extrinsic evidence to vary or contradict the terms of an integrated written instrument. *See* Cal. Code Civ. Proc., § 1856; *Masterson v. Sine*, 68 Cal.2d 222, 225 (1968). "The crucial issue in determining whether there has been an integration is whether the parties intended their writing to serve as the exclusive embodiment of their agreement." *Masterson v. Sine*, 68 Cal. 2d 222, 225 (1968). However, the parol evidence rule does not render inadmissible proof of a contemporaneous agreements collateral to and not inconsistent with a written contract where the latter is either incomplete or silent on the subject and the circumstances justify an inference that it was not intended to constitute a final inclusive statement of the transaction. *See Mangini v. Wolfschmidt, Limited*, 165 Cal. App. 2d 192, 198-199 (2d Dist. 1958).

Assuming facts in a light most favorable to Ms. Bradix, here the welcome letter is her employment contract. However, the letter's lack of an integration clause combined with its reference to "our discussions" confirms that it is not a fully integrated contract. FAC, Ex. A. Instead, the discussion reference invites consideration of contemporaneous discussions or agreements, including the application of employment, dated just a few days prior to the welcome letter. The welcome letter itself is silent as to the non-discrimination term which Mr. Bradix alleges has been breached. Where it is silent, given the inclusion of the "our discussions" language, it is reasonable to infer that the parties intended the employment contract to include the non-discrimination term and other terms outlined in the employment application. Accordingly, the Court finds that Ms. Bradix has alleged facts sufficient to show that she had an employment contract that contained a non-discrimination term, and that it is plausible that Seton Medical breached that term. Therefore, the Court DENIES Seton Medical's motion to dismiss with respect to Ms. Bradix's three discrimination-related theories of breach.

Ms. Bradix also alleges that Seton Medical breached the contract by "terminating plaintiffs' employment without just cause." FAC ¶ 101. With the inclusion of this allegation, Ms. Bradix is apparently alleging that she was terminable only for cause. Under California law, all employment termination cases begin with the presumption of at-will employment. *See* Cal. Lab. Code, § 2922; *Foley v. Interactive Data Corp.*, 47 Cal.3d 654, 677 (1988). However, the presumption of at-will employment may be rebutted by evidence that the parties expressly or impliedly agreed the employer's power to terminate employment would be limited in some way. *Harden v. Maybelline Sales Corp.*, 230 Cal. App. 3d 1550, 1554 (Ct. App. 1991). Here, Ms. Bradix's conclusory allegation that she was terminated without just cause does not rebut the presumption that she was an at-will employee. Absent any allegations that the parties expressly or impliedly agreed that her employment could only be terminated for cause, the Court finds that such a conclusory allegation fails to state a plausible basis for a breach of contract claim. Accordingly, the Court GRANTS Seton Medical's motion to dismiss Ms. Bradix's for-cause breach of contract claim. Additionally, as the statute of limitations has already run on any oral or implied breach of contract claim, and the written contact is silent on cause, leave to amend would be futile. *See Davies v. Krasna*, 14 Cal. 3d 502, 510 (1975) (the two-year statute of limitations "governs…actions for breach of oral or implied contracts").

## CONCLUSION

In light of the foregoing, the Court GRANTS IN PART and DENIES IN PART defendants' motion to dismiss.

**IT IS SO ORDERED.**

Dated: February 5,2013

_____
SUSAN ILLSTON
United Stats District Judge

7